-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TIFFANY WELLS,

        Plaintiff,

    -v-

FIRSTSOURCE ADVANTAGE, LLC,

        Defendants.

DECISION AND ORDER
11-CV-0354S

---

On May 4, 2011, an order was entered granting plaintiff's application to proceed *in forma pauperis* and directing the Clerk of the Court to cause the United States Marshals Service to serve the Summons and Complaint on defendant, Firstsource Advantage, LLC. (Docket No. 4.) A Summons was issued and on May 18, 2011, the Marshals Service returned for docketing its Process Receipt and Return Form (USM-285) with notations that on May 9, 2011, it mailed, certified return receipt, the Marshal Form, Summons and Complaint but received a letter back from CT Corporation System on May 18, 2011, indicating that CT Corporation, the addressee on the Certified Return Receipt, had received the "enclosed Summons [and] Attachment" but that "[n]either the document(s) nor the envelope indicates the name of the entity for which the document(s) is intended." The letter continues that because CT Corporation is an agent for thousands of companies and because it cannot determine from the documents received the name of the party that is the defendant, it did not know what company to forward the documents. Thus, it returned the service documents to the Marshals Service. (Docket No. 5.)

The Court cannot determine at this time whether the Summons included the name of the actual defendant, Firstsource Advantage, LLC., or its agent for service of process, CT Corporation, or why CT Corporation could not have determined from a copy of the Complaint, that presumably was mailed along with the Summons and Marshal Form, the name of the defendant (and its client) but nevertheless the Summons and Complaint need to be served on Firstsource Advantage, LLC.  See Fed.R.Civ.4(c)(3) and 28 U.S.C. § 1915(d).

Accordingly, the time to serve the summons and complaint is extended, upon good cause, an additional 120 days, see Fed.R.Civ. 4(m); *Murray v. Pataki*, 09-1657-pr, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) (once plaintiff identifies defendant, Marshal's failure to serve automatically constitutes good cause), and the Clerk of the Court is directed to cause the United States Marshals Service to serve the Summons and Complaint upon defendant.  The Clerk shall forward a blank summons and Marshal Forms to plaintiff for her to complete and to return to the Clerk with the name of the defendant, Firstsource Advantange LLP, and an address at which it can be served.

SO ORDERED.

Dated:   June 7, 2011
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge